# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**AUE STAFFING SOLUTIONS, INC.,**

      **Plaintiff,**

**v.**                                        **Case No:   6:15-cv-1636-Orl-31KRS**

**ZURICH AMERICAN INSURANCE COMPANY,**

      **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss (Doc. 15) filed by the Defendant, Zurich American Insurance Company ("Zurich American"), and the response in opposition (Doc. 16) filed by the Plaintiff, AUE Staffing Solutions, Inc. ("AUE").

According to the allegations of the Complaint, which are accepted in pertinent part as true for purposes of resolving this motion to dismiss, Zurich American issued an insurance policy (henceforth, the "Policy") to AUE on November 20, 2012.  (Doc. 2 at 2).  The Policy provided a number of types of coverage, including commercial general liability coverage and employee benefits liability coverage.  (Doc. 2 at 2).  During the policy's term, an AUE employee, Caridad Guzman, filed a worker's compensation claim against AUE.  (Doc. 2 at 3).  AUE discovered it had failed to include Guzman in its worker's compensation insurance coverage; subsequently, it filed a claim with Zurich for this "wrongful act, error and/or omission[]."  (Doc. 2 at 3).  In January 2014, Zurich American denied the claim.  (Doc. 2 at 3).

Some months later, Orange County Public Schools sent a settlement letter and draft complaint to AUE, seeking to recover attorney's fees and damages it had incurred in responding to

a claim from Guzman. (Doc. 2 at 3-4). AUE filed a new claim with Zurich American based on the demand from Orange County Public Schools, but Zurich American denied it, saying it was the same claim that had been denied in January 2014. (Doc. 2 at 4).

AUE has now sued Zurich American, alleging that it breached the Policy by, among other things, refusing to defend and indemnify it in regard to the claims brought against AUE in regard to the Guzman matter. (Doc. 2 at 6-7). Zurich American seeks dismissal of the Complaint on several bases, none of which are valid. It argues that dismissal is warranted because the Policy is 130 pages long and AUE has failed to specify which of its provisions were allegedly breached. However, as described above, AUE has provided sufficient detail to identify the policy provisions that could be at issue. Zurich American argues that the Complaint is improper in that it settled the claim brought by Orange County Public Schools, but this argument relies on facts outside of the Complaint and is therefore premature. The remainder of Zurich American's complaints do not go to the issue of whether AUE has stated a claim, and can be resolved, if necessary, via discovery.

Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 15) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 8, 2015.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party